[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15063
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61010-RNS


RONALD MICKLAS,

                                                      Plaintiff-Appellant,

versus

CAROL-LISA PHILLIPS,
LISA WHITE,
J. ROBERT MIERTSCHIN, JR.,
J. DOE #2 CLERK,
FRED A. HAZOURI, et al.,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 21, 2013)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Ronald Micklas, proceeding *pro se*, appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), of his amended complaint asserting various claims under 42 U.S.C. § 1983 and Florida state law against Florida state circuit court judge Carol-Lisa Phillips; Florida Fourth District Court of Appeals judges Fred A. Hazouri, Jonathan D. Gerber, and Burton C. Conner; the Clerk of Court for the Florida Seventeenth Judicial Circuit Court Howard Forman; private attorneys Lisa White and J. Robert Miertschin, Jr., and unknown Broward County clerks.  Micklas's present complaint arose from a civil lawsuit Micklas brought in Florida's Seventeenth Judicial Circuit, which was dismissed by state court Judge Phillips upon motion by the defendant's attorney, White.  Florida appellate Judges Hazouri, Gerber, and Conner affirmed the circuit court's order of dismissal.

In his federal complaint, Micklas asserted § 1983 claims against Judges Phillips, Hazouri, Gerber, and Conner, for violating his procedural and substantive due process rights under the Fourteenth Amendment.  Micklas also brought a § 1983 conspiracy claim against White, and various state law claims against White and her employer, Miertschin.  Micklas brought a § 1983 procedural due process claim against Forman, and state law claims for retaliation and gross negligence.

2

The gross negligence claim was against Forman in his individual and official capacity, and all other claims against Forman were in his individual capacity. Micklas also sued unknown Broward County clerks in their individual capacities for theft, fraud, and extortion under Florida state law. The district court dismissed Micklas's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B). The district court concluded that all of Micklas's claims were either frivolous, failed to state a plausible claim for relief, or were brought against defendants who were immune.

On appeal, Micklas argues that the district court erred in dismissing his complaint because, since it had not yet ruled on his *in forma pauperis* motion, it lacked jurisdiction for a 28 U.S.C. § 1915 dismissal. Moreover, he contends that the district court applied the wrong legal standard in dismissing his complaint as meritless because *in forma pauperis* complaints can only be dismissed as frivolous or malicious. Finally, Micklas asserts that the district court erred by dismissing his claims based on sovereign and judicial immunity grounds.

Section 1915(e)(2)(B) provides that, for parties proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). We review *de novo* a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), and view the

3

allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted).

Judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where there is a "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

"Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). However, state officials sued in their individual capacities for employment-related acts are not protected by the Eleventh Amendment. *Id.* To establish a § 1983 claim alleging a denial of procedural due process, a plaintiff must show three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3)

4

constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

As a preliminary matter, the record demonstrates that Micklas has not challenged the district court's dismissal of his claims against Lisa White on the basis of frivolousness and failure to state a claim. Therefore, we conclude that he has abandoned any argument with respect to these claims. *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming issues not briefed on appeal as abandoned). Micklas has also abandoned any argument he had with respect to White's employer, Miertschin. *Id.*

Micklas's argument that the district court lacked jurisdiction to dismiss his complaint pursuant to § 1915 because it had not yet ruled on his motion to proceed *in forma pauperis* is unavailing. Section 1915 does not state that a court must grant *in forma pauperis* status prior to dismissing a case for frivolousness or failure to state a claim. *See* 28 U.S.C. § 1915. In fact, it provides that if a court determines that the action is frivolous, malicious, fails to state a claim or seeks monetary damages from an immune defendant, the court shall dismiss the case "at any time." 28 U.S.C. § 1915(e)(2). The statute further provides that a federal court action may be commenced or prosecuted upon an affidavit of indigence (not upon the granting of a motion for *in forma pauperis* status). *See* 28 U.S.C. § 1915(a)(1).

5

Likewise, Micklas's argument that the district court applied the incorrect legal standard for § 1915(e)(2)(B) dismissals is meritless.  The district court correctly concluded that it was permitted to dismiss Micklas's complaint if it failed to state a claim, and that the Rule 12(b)(6) standard applies.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Farcass*, 112 F.3d at 1490.

As to Micklas's claims against Judges Phillips, Hazouri, Gerber, and Conner, we conclude that the district court properly dismissed those claims on judicial immunity grounds.  All actions taken by Judges Phillips, Hazouri, Gerber, and Conner were taken in their judicial capacity, and Micklas's conclusory allegations that they acted without jurisdiction does not establish that they acted in the "clear absence of jurisdiction."  *See Bolin*, 225 F.3d at 1239.

With respect to Micklas's claims against Forman and the unknown Broward County clerks, the district court erred in concluding that Forman and the clerks were entitled to Eleventh Amendment immunity because, other than Micklas's gross negligence claim against Forman in his official capacity, the complaint is clear that Micklas is suing Forman and the clerks in their individual capacities. *Jackson*, 16 F.3d at 1575 (explaining that state officials sued in their official capacities are protected by Eleventh Amendment immunity, whereas officials sued in their individual capacities are not).  However, we can affirm on any ground supported by the record, and we conclude from the record here that Micklas's

6

claims fail to state a plausible claim for relief. *Cochran v. United States Health Care Fin. Admin.*, 291 F.3d 775, 778 n.3 (11th Cir. 2002).

Micklas brought a § 1983 claim against Forman, and various state law claims against Forman and the unknown Broward County clerks. Micklas's § 1983 claim alleged that Forman violated Micklas's procedural due process rights because someone in the clerk's office required that he furnish two self-addressed stamped envelopes before filing a motion for default, which delayed him from filing the motion before the defendant entered its appearance in the case. Micklas cannot state a cognizable due process claim because, among other things, he had no constitutionally-protected liberty interest in being able to file a motion for default without envelopes or before the defendant entered an appearance. A review of Micklas's remaining state law claims against Forman and the unknown Broward County Clerks for sending him a jury duty summons, requiring him to pay a case re-opening fee for a post-judgment motion, and for not timely processing case filings, reveals that they, too, fail to state a plausible claim upon which relief may be granted. Accordingly, we affirm the district court's judgment of dismissal of Micklas's complaint.

**AFFIRMED.**